UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joshua Harris, | Case No. 24-cv-1791 (JMB/DJF) |
| Plaintiff, | |
| v. | ORDER |
| Metro Transit Police Dept et al., | |
| Defendants. | |

Plaintiff Joshua Harris initiated this civil action alleging that Defendants violated his constitutional rights during the stop and search of his person. (ECF No. 1.) Because Mr. Harris is a prisoner, the Court previously calculated his initial partial filing fee pursuant to 28 U.S.C. § 1915(b) and warned him of potential legal and factual deficiencies with his original Complaint. (*See* ECF No. 5.) Mr. Harris paid the initial partial filing fee of $6.50 (ECF No. 7) and filed an Amended Complaint (ECF No. 6), but his Amended Complaint did not adequately address the Court's warnings. On June 25, 2024, the Court filed a Report and Recommendation (ECF No. 8) recommending that this case be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(a). This matter is now before the Court because Mr. Harris submitted a putative second amended complaint (ECF No. 13) during the period for objections to the Court's Report and Recommendation.

**I.      The Putative Second Amended Complaint**

There are several problems with Mr. Harris's putative second amended complaint. First, it is procedurally improper. Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading once as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Here, however, Mr. Harris has already submitted an Amended Complaint (ECF No. 6). Mr. Harris, therefore, may file

a second amended complaint only with the Court's permission. *See* Fed. R. Civ. P. 15(a)(1)(2). Mr. Harris did not seek or obtain the Court's permission before filing his putative second amended complaint. Recognizing that pro se pleadings are to be liberally construed, the Court views Mr. Harris's filing as a Motion to Amend his pleading, and the putative second amended complaint as the substance of his proposed amendments.

Pursuant to Fed. R. Civ. P. 15(a)(2), a court should "freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). But "there is no absolute right to amend." *Ferguson v. Cape Girardeau Cty.,* 88 F.3d 647, 650-51 (8th Cir. 1996). Denial of leave to amend may be justified by "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "Denial of a motion for leave to amend on the basis of futility means the district court has reached the legal conclusion that the [proposed amendment] could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). The decision whether to amend is entrusted to the sound discretion of the trial court. *See, e.g.*, *Niagara of Wisc. Paper Corp. v. Paper Indus. Union Mgmt. Pension Fund*, 800 F.2d 742, 749 (8th Cir. 1986).

Mr. Harris requests that his putative second amended complaint "be read with the other complaint." (ECF No. 13 at 3.) Generally, however, "an amended complaint supercedes [sic] an original complaint and renders the original complaint without legal effect." *Schlafly v. Eagle Forum*, 970 F.3d 924, 933 (8th Cir. 2020) (quoting *Acuity v. Rex, LLC*, 929 F.3d 995, 999 (8th Cir. 2019)). Pursuant to this District's Local Rules, moreover, unless the Court orders otherwise, "any amended pleading must be complete in itself and must not incorporate by reference any prior pleading." Local Rule 15.1(a). This means that the Court must consider the putative second

2

amended complaint as a standalone document, without regard to any previous filings. But to accept the putative second amended complaint without regard for the allegations asserted in Mr. Harris's Complaint and Amended Complaint plainly would contravene his intent in filing it.

Second, the putative second amended complaint is deficient on its face. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed by … a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Mr. Harris did not sign his putative second amended complaint. (ECF No. 13). In light of these deficiencies, Mr. Harris's motion to amend his pleading (ECF No. 13) by filing the putative second amended complaint, is denied as futile.

The Court nevertheless will afford Mr. Harris a final opportunity to correct his pleading deficiencies. To do so, Mr. Harris must: (1) file a motion to amend the complaint; and (2) file, as an exhibit to his motion, a proposed Second Amended Complaint consistent with this Order. This means that, at a minimum, to survive review, the proposed Second Amended Complaint must be signed, and it must incorporate all the allegations Mr. Harris seeks to plead in a single, standalone document without reference to of his previously-filed pleadings or other filings.

**I.      Mr. Harris's IFP Application**

Mr. Harris also requests to proceed *in forma pauperis* ("IFP"). (ECF No. 3.) As previously explained, because Mr. Harris is a prisoner, his IFP application is subject to the requirements of 28 U.S.C. § 1915(b). Section 1915(g) establishes the "Three Strikes Rule", which provides that:

> in no event shall a prisoner bring a civil action … under this section [i.e., proceed in forma pauperis ("IFP")] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

For his part, Mr. Harris has accumulated more than three such "strikes" under 28 U.S.C. § 1915(g):

- Strike One: In *Harris v. Ramsey County Courts*, Case No. 23-cv-0197 (JRT/JFD) (D. Minn. Jan. 25, 2023), Mr. Harris alleged, among other things, that his court-appointed attorney was providing ineffective assistance of counsel. That action was dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915A. *See Harris*, No. 23-cv-0197 (JRT/JFD) (ECF Nos. 8, 9).

- Strike Two: In *Harris v. Ramsey's Courts*, Case No. 23-cv-342 (NEB/LIB) (D. Minn. Feb. 10, 2023), Mr. Harris challenged his bail, alleged detention center officials retaliated against him by placing him in the "hole" when he complained about his bail, and claimed officials ordered him to walk around naked at the facility. *See id.* (ECF No. 6). That action was also dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915A(b) because his claims were duplicative of a separate civil action—*Harris v. A.D.C.*, Case No. 23-cv-0170 (ECT/TNL) (D. Minn.). *See Harris*, No. 23-cv-342 (NEB/LIB) (ECF Nos. 6, 7).

- Strike Three: In *Harris v. Schutz*, Case No. 23-cv-377 (ECT/LIB) (D. Minn. Feb. 15, 2023), Mr. Harris argued, among other things, that in December 2022, the defendants stopped and searched his person in violation of his constitutional rights. *See id.* (ECF No. 3). That action was dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b). *See Harris*, No. 23-cv-377 (ECT/LIB) (ECF Nos. 3, 4).

- Strike Four: In *Harris v. Goldfine*, Case No. 23-cv-0426 (ECT/LIB) (D. Minn. Feb. 21, 2023), Mr. Harris alleged that the defendant, his court appointed criminal

defense attorney, provided him with ineffective assistance of counsel. *See id.* (ECF No. 1). That action was dismissed without prejudice for failure to state a claim under 28 U.S.C. § 1915A(b). *See Harris*, Case No. 23-cv-0426 (ECT/LIB) (ECF Nos. 4, 5).[1]

In light of these previous dismissals, to commence this action Mr. Harris must pay the full filing fee of $405.00 (less the $6.50 he has already paid) unless he can establish that "he is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Charron v. Allen*, 37 F.4th 483, 486 (8th Cir. 2022) ("Section 1915(g) does not prohibit prisoners from pursuing legal claims … It only limits their ability to proceed in forma pauperis.") (quoting *Lyon v. Krol*, 127 F.3d 763, 765 (8th Cir. 1997)). For the "imminent danger" exception to apply, "the requisite imminent danger of serious physical injury must exist at the time the complaint or appeal is filed, not when the alleged wrongdoing occurred." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Furthermore, "[a]bsent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury," "general" or "conclusory assertions" are insufficient to invoke this exception to the Three Strikes Rule. *Id.* (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 n.1 (3d. Cir. 2001) (en banc)). In this case, none of Mr. Harris's filings assert any specific facts suggesting he is in "imminent danger of serious physical injury." Mr. Harris thus cannot invoke the "imminent danger" exception and the Three Strikes Rule applies. 28 U.S.C. § 1915(g). Mr. Harris's IFP Application (ECF No. 3) is therefore denied.

---

[1] Mr. Harris has initiated two more federal lawsuits in this District as a prisoner. *See Harris v. A.D.C.*, Case No. 23-cv-0170 (ECT/TNL) (D. Minn. Jan. 23, 2023); *Harris v. Ramsey County Court*, Case No. 23-cv-207 (JWB/ECW) (D. Minn. Jan. 26, 2023). Those actions were also dismissed on preservice review pursuant to 28 U.S.C. § 1915A(a). *Harris*, 23-cv-0170 (ECF No. 19); *Harris*, 23-cv-207 (ECF No. 17). But because those cases were dismissed, in part, for lack of jurisdiction, the Court does not count them as "strikes" for the purposes of 28 U.S.C. § 1915(g).

**CONCLUSION**

If Mr. Harris decides to continue pursuing this action, he must bring a motion to file a second amended complaint correcting the deficiencies identified in this Order and pay the full $405 filing fee (less the $6.50 already paid, or **$398.50**) by **August 20, 2024**.  If Mr. Harris fails to submit full payment by that date, the Court will recommend dismissing the action without prejudice for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  In addition, Mr. Harris shall have until **August 20, 2024** to bring a motion to file a second amended complaint that is: (1) signed; and (2) a standalone document that fully incorporates all the allegations he seeks to plead.  If he meets that deadline promptly, the motion to amend is granted, and this case has not otherwise been dismissed by that date, the Court will withdraw its June 25, 2024 Report and Recommendation (ECF No. 8) recommending this case be dismissed based on its review of Mr. Harris's prior pleadings.  The Court may, however, file another report and recommendation for dismissal if warranted.  As a reminder to Mr. Harris, should he pay the full filing fee and bring a motion to file a second amended complaint, if the motion to amend is granted his new pleading still will be subject to review pursuant to 28 U.S.C. § 1915A to determine, for example, whether it states a cause of action on which relief can be granted.[2]

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

---

[2] As previously explained (ECF No. 8), the factual predicate of Mr. Harris's federal claims also gave rise to state criminal charges against him.  Thus, even if Mr. Harris complies with the requirements of this Order and pleads a plausible claim for relief, so long as the state criminal proceedings remain pending, this action likely would be stayed pursuant to *Younger v. Harris,* 401 U.S. 37 (1971).

1.	The Clerk of Court is directed to docket Plaintiff Joshua Harris's purported amended complaint (ECF No. 13) as a Motion to Amend the Amended Complaint.

2.	Plaintiff Joshua Harris's Motion to Amend the Amended Complaint (ECF No. 13) is **DENIED** as futile.  *See* Fed. R. Civ. P. 15(a)(2).

3.	Plaintiff Joshua Harris's application to proceed *in forma pauperis* (ECF No. 3) is **DENIED**.

4.	Mr. Harris may file a motion to file a second amended complaint addressing the deficiencies identified in this Order on or before **August 20, 2024**, failing which the Court's Report and Recommendation for dismissal of this action (ECF No. 8) will not be withdrawn.

5.	Mr. Harris must pay the remainder of the full filing fee for this action ($405-$6.50) or **$398.50** by **August 20, 2024**, failing which this Court will recommend that this action be dismissed without prejudice for failure to prosecute.

**IT IS SO ORDERED.**

Dated: July 30, 2024               *s/ Dulce J. Foster*
                                   DULCE J. FOSTER
                                   United States Magistrate Judge