UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joshua Harris, | Case No. 24-CV-1791 (JMB/DJF) |
| Plaintiff, | |
| v. | **ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| Toua Vang; Andrew Nelson, | |
| Defendants. | |

On May 15, 2024, Plaintiff Joshua Harris filed the initial Complaint (ECF No. 1) in this action, and on May 31, 2024, Mr. Harris filed an application to proceed *in forma pauperis* (ECF No. 3). Because Mr. Harris is a prisoner, the Court calculated his initial partial filing fee pursuant to 28 U.S.C. § 1915(b) and warned him of potential legal and factual deficiencies in his original Complaint. (*See* ECF No. 5.) Mr. Harris paid the initial partial filing fee of $6.50 (ECF No. 7) and filed an Amended Complaint (ECF No. 6), but his Amended Complaint did not adequately address the Court's warnings. Therefore, on June 25, 2024, the Court filed a Report and Recommendation recommending that this case be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(a). (ECF No. 8.)

That same day, Mr. Harris filed a putative second amended complaint (ECF No. 13), which the Court interpreted as a Motion to Amend the Complaint and denied as futile (ECF No. 14) because: (1) he failed to sign it; and (2) he requested that it be read together with his previously pleadings. Additionally, under 28 U.S.C. § 1915(g) (i.e., the "Three Strikes Rule"), the Court denied Mr. Harris' application to proceed *in forma pauperis*, but it afforded him another opportunity to file a motion to amend his complaint and pay the full filing fee for the action. (ECF

1

No. 14.) After granting an extension of time to file the motion and pay the fee, the Court set September 10, 2024, as the deadline for compliance. (ECF No. 16.) This matter is now before the Court because Mr. Harris submitted an amended complaint (ECF No. 18), a letter requesting additional time on grounds that he has retained a lawyer who will "take care of everything" (ECF No. 19), and a letter to the Clerk's Office requesting reconsideration of his IFP application and more time to pay the fee (ECF No. 20).

In light of his pro se status, the Court construes Mr. Harris's proposed pleading (ECF No. 18) as a Motion to Amend the Complaint. Because it is signed and does not seek to incorporate other filings, the Court will further construe the proposed amended complaint (ECF No 18) as Mr. Harris's operative pleading in this action.[1] Accordingly, the Court withdraws its June 25 Report and Recommendation (ECF No. 8), which was based on his previous pleadings.

However, Mr. Harris has not paid the full filing fee and the Court declines to afford Mr. Harris additional time to do so. The Court initially gave Mr. Harris three weeks to pay the full filing fee (ECF No. 14, ordering Mr. Harris to pay the remaining owed amount of $398.50 by August 20, 2024), and then, in response to his request, extended that deadline by another three weeks (ECF No. 16). His recent filings neither provide a basis for reconsideration of his IFP application nor establish any reason to believe he will pay the full fee within a reasonable timeframe if given an opportunity to do so. Accordingly, the Court recommends dismissal of the action under Fed. R. Civ. P. 41(b) for failure to prosecute.

---

[1] Though the Court accepts Mr. Harris's new filing (ECF No. 18) as the operative pleading in this matter, it makes no determination at this time as to whether that pleading states a claim on which relief may be granted or would survive motion to dismiss on any other ground.

## ORDER

Based on the foregoing, and all the records, files and proceedings herein, **IT IS HEREBY ORDERED** that the Court's Report and Recommendation (ECF No. [8]) recommending dismissal of this matter on the grounds stated therein is **WITHDRAWN**.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under Federal rule of Civil Procedures 41(b) for failure to prosecute.

Dated: September 16, 2024

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).